IIeNUjkrsoN, Judge.
This case presents difficulties to the Plaintiff’s right of recovery on the merits, and I am not prepared to solve them. It is very doubtful whether any thing, as between the parties, passed by the «leed. In the first part of the premises, it is said to be a deed between Isaac and Charles T. Alexander, in their own behalf, and as attorneys for Springs, Harris and M’Coy, in right of their respective wives, (naming them) of the one part, and Jonathan Merrill of the other, and witnesseth, that the said Isaac and Charles T. as agents and attorneys as aforesaid, in consideration of two thousand dollars, to them as attorneys as aforesaid, paid by Jonathan Merrill, bargain and sell the lands mentioned in the deed, and all their right, title, and interest as attorneys : in the warranty or covenant for enjoyment, they act in their own behalf, as well as attorneys 5 and they execute the deed in their own names, and not in their characters of attorneys. Attorneys are the mere instruments of their principals : the principals act by them, and the act, to be the act of the principal, must be done in his name: this deed is the act of the Alexanders, not of their principals ; the attorneys are not the instruments of their principals, but the actors in the transac *416 tion j uor does this reasoning at all conflict with the opinion of this Court in the case of Potts and Lazarus, was there decidid, that the agent was not bound j but no|. necessarily foliow that the principal was. • If the principal is not bound, it is a strong argument to shew that the agent was intended to bo bound; but in this Court, a Court of Law, we look at what the parties really did, not what it is probable they intended to do ;/ and as to the deed’s passing the interest of the Alexanders, the whole of the granting part, and the receipt of the consideration money by which the use was to be raised, is in tho name of them as attorneys, not in their individual names or rights. It is therefore matter of great doubt, whether any thing, oven as between the parties, passed, either the interest of the principals or of the attorneys ; and if the covenant is a dependent one, it falls to the ground with the interest it was intended to warrant, defend, or protect. It is the common doctrine of warranty, that it is annexed to, and dependent on the estate; that it ceases with it, and the Plaintiff, Locke, must have himself considered this as annexed to the estate which passed with it from Merrill to him, otherwise it is a mere chose in action, and incapable of an assignment, and if so, the action cannot be sustained in his name; and it appears to me, that it would he doing violence to the acts and intention of the parties, as well as contravening the rules of Law, to construe this a mere personal covenant; it is plain, from the face of the deed, that some interest in the lands was recognised in Springs, Harris, and M’Coy, in right of their wives ; and it is quite evident that the parties intended to pass that interest ; and that interest passing, the Alexanders were willing to bind themselves personally that Merrill should quietly enjoy the land; for they had no fears that ho would be disturbed by any other title, or were willing to risk the others. Now to bind them to defend against a title which all parties thought the deed had vested in *417 Merrill, would be contrary to every principle of justice. These, among other reasons, should induce the Court to lean in favor of construing it a dependent, and not an independent covenant. . But at any event, I- think the charge wrong «pon the question of interest. Mesne profits, during the en joyment under a defective title, is not set off against the claim of interest upon the purchase money, because the possessor is liable to the rightful owner for them.; they are therefore left in his hands for that purpose: but when it appears that the possessor has enjoyed the lands, and cannot be called to account for the mesne profits, the reason of the rule ceases, and th,e rule no longer applies, and the mesne profits shall be set off. Interest is in most cases an equitable demand, and is left to the sound' discretion of the Court, but in this case it may be resisted without recourse to that maxim. It appears by the case, the Alexanders had from Springs and Harris, a power of attorney, executed to sell or transact any business in relation to these lands only; among other things, that the attorney contracted with Merrill for the sale of the lands, received his money, and put him in possession, where he remained unmolested by Springs and Harris during their lives; after their deaths, the wives ousted him ; they were entitled to the mesne profits only from the deaths of their respective husbands they had no claim to those which arose during the coverture, they belonged to the husbands. The mesne profits could not be left in Merrill’s hands to satisfy theiif claim for them, for they had none; the husbands could have none, for Merrill was placed by act of their agents duly authorised, and they had received Merrill’s money; he was there by their consent, and could not be charged as a trespasser. Nor was he liable for use and occupation, there being no contract for that, either express or implied — (See the case of O’Neal v. Holcom, decided in this Court about four years ago.) Nor can I perceive in what form of action, or upon what *418 principle, Merrill could be subjected by the executors of the husbands. 1 mean not to express any opinion where the possessor is protected in the enjoyment of the mesne profits, by the statute of limitations, or any collateral defence. I therefore think the presiding Judge erred in directing the Jury to give interest upon the whole of the purchase money from,the time of its receipt $ the Defendants are not subject to the interest of two-fifths of the purchase money, until after the deaths qL Springs and Harris, respectively. Let a new trial, therefore, be granted.
IIaxt,, Judge, concurred.